[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on plaintiff's request for an injunction against four sets of abutting property owner defendants.
Immediately prior to trial, settlement was reached in all matters, save the application against Nicholas and Gisela E. Tucci ("Tuccis").
The plaintiff, a condominium association ("association"), claims that the Tuccis have maintained certain improvement on its land, to wit: swing set, storage shed, wire fence, asphalt driveway and concrete retaining wall.
The Tuccis filed a special defense of adverse possession, thereby vesting in them title to the land upon which the encroachments exist.
The survey (Plaintiff's Exhibit A) clearly shows the encroachment.
At the time of trial, the defendants indicated to the court that the swing set and wire fence had not existed for the requisite fifteen (15) years and therefore, abandoned their claim of adverse possession as to those parcels and further agreed to remove them from the plaintiff's land. CT Page 6638
As to the concrete retaining wall, the plaintiff maintains that the term of the adverse possession should not begin to run until September, 1976, when Mr. Tucci hired a contractor to finish the wall and that the term of adverse possession should be held to have terminated on August 7, 1991, when a letter was sent to the defendants demanding the removal of all encroachments. The plaintiff argues that earlier efforts on the wall were not sufficiently continuous and that there is a significant question as to whether the contractor built the wall on the same location as Mr. Tucci began it. Further, the plaintiff claims that the letter sent to Tucci, together with the act of surveying the land, interrupted the adverse possession.
Defendants argue that April, 1976 is the beginning date when the adverse possession claim should be calculated since this is the actual date when Mr. Tucci commenced his digging. This testimony is inconsistent with the information provided in defendants' post trial brief which claims a commencement date of October, 1976, which is when the contractor finished his work. As to the termination date, the defendants claim that something more than a letter and a survey is necessary to terminate the adverse possession. They say that the termination date should be November 26, 1991, the date of the complaint. In support, the case ofWoycik v. Woycik, 13 Conn. App. 518, 525 (1988) is cited. The court in Woycik states that "[i]n order to interrupt continued adverse possession, the record owner `must assert his claim to the land, perform some act that would reinstate him in possession before he can regain what he has lost.'" The court goes on to say that merely informing the defendant by a demand letter is not an act which would reinstate him in possession because there has been no entry as required by the General Statutes, Sec. 52-575.
The court, therefore, finds that the letter, together with the survey is without avail and the actual date of interruption should be November 26, 1991. The court further finds that the commencement date can be any one of the three dates before the court since all would fulfill the fifteen (15) year requirement.
Accordingly, as to the retaining wall, the court finds in favor of the defendants since the plaintiff has failed to defeat the adverse possession claim of the defendants.
The plaintiff concedes that the earlier shed was erected in 1972, was removed in 1988, and replaced within a few weeks by a larger one. It claims, however, that when the old shed was CT Page 6639 removed and a larger shed was installed, a new period of adverse possession started to run. It is also unclear from the evidence as to whether the new shed was placed on the same location as the old shed.
There is no doubt that the defendants cannot claim the larger area, now covered by their shed, as an extension of their earlier claim. See Goodwin v. Bragaw, 87 Conn. 31 (1913) which holds that later additions to the area originally adversely possessed are not included.
Defendants have proven adverse possession, as to time, however, there was no evidence from which the court can determine where the shed was located and how much of it intruded on the plaintiff's land. This court cannot, and should not, legally or practically guess at where the outlines of the shed were. The defendants do not claim to know. Their honesty is admirable, but the lack of evidence is fatal. While they undoubtedly had a perfected claim to whatever area of plaintiff's land their shed once occupied, they have failed to carry their burden of proof on the location and dimension of this claim.
The court, therefore, finds in favor of the plaintiff as to the area where the shed protrudes upon its land.
As to the driveway and row of hemlocks, the plaintiff concedes that defendants are entitled to said parcels by virtue of adverse possession and do not dispute defendants' claim to those parcels.
Mihalakos, J.